## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**BETTER APART, LTD.**                          **CIVIL ACTION**


**VERSUS**                                      **NO: 22-3780**


**CERTAIN UNDERWRITERS**
**LLOYD'S LONDON ET AL.**                       **SECTION: "H"**


## ORDER AND REASONS

Before the Court is Defendants' Motion to Compel Arbitration and Dismiss Plaintiff's Claims or Alternatively, Stay Proceedings (Doc. 25). For the following reasons, the Motion is **GRANTED**.


## BACKGROUND

This case arises out of an insurance contract dispute following Hurricane Ida. Plaintiff Better Apart, Ltd. alleges that Defendants Certain Underwriters Lloyd's London, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, HDI Global Specialty SE, Old Republic Union Insurance Company, and GeoVera Specialty Insurance Company ("the Insurers") issued a policy of surplus lines insurance ("the Policy") to Plaintiff that covers property located at 1117 Laitram Lane in Elmwood, Louisiana. Plaintiff asserts breach of contract claims and

1

entitlement to bad faith damages under Louisiana Revised Statutes §§ 22:1892 and 22:1973 for Defendants' alleged failure to timely and adequately compensate Plaintiff for its losses covered under the Policy.

On August 26, 2022, Plaintiff filed suit in the 24th Judicial District Court for the Parish of Jefferson. On October 10, 2022, the case was removed to this Court. The parties have complied with the requirements of the Streamlined Settlement Program, and the stay in this case has been lifted.[1] Now before this Court is Defendants' Motion to Compel Arbitration and Dismiss Plaintiff's Claims or Alternatively, Stay Proceedings. Defendants request that this Court order arbitration and stay Plaintiff's claims pursuant to a valid and enforceable arbitration clause in the Policy. Plaintiff opposes.[2]

## LEGAL STANDARD

The Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention") governs the recognition and enforcement of arbitration agreements between citizens of nations that are signatories to the convention.[3] The United States joined the Convention in 1970, with a goal to "encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries."[4] The Convention is implemented by the Federal

---

[1] Doc. 21.

[2] Doc. 28.

[3] *See* Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co., 767 F.2d 1140, 1144 (5th Cir. 1985).

[4] Authenment v. Ingram Barge Co., 878 F. Supp. 2d 672, 676 (E.D. La. 2012) (quoting Scherk v. Alberto-Culver Co., 417 U.S. 506, 520 n.15 (1974)); Todd Steamship Mut. Underwriting Ass'n (Bermuda) Ltd., 601 F.3d 329, 332 n.4 (5th Cir. 2010). Where applicable, the Convention supersedes state law. *See* McDonnel Grp., LLC v. Great Lakes Ins. Se., 923 F.3d 427, 431–32 (5th Cir. 2019); Aggarao v. MOL Ship Mgmt. Co., Ltd., 675 F.3d 355, 366 (4th Cir. 2012).

Arbitration Act (FAA), which provides for enforcement in United States courts.[5]

"In determining whether the Convention requires compelling arbitration in a given case, courts conduct only a very limited inquiry."[6] Courts "should compel arbitration if (1) there is an agreement in writing to arbitrate the dispute, (2) the agreement provides for arbitration in the territory of a Convention signatory, (3) the agreement arises out of a commercial legal relationship, and (4) a party to the agreement is not an American citizen."[7] If these four requirements are met, "arbitration agreements and clauses are to be enforced unless they are invalid under principles of state law that govern all contracts."[8]

## LAW AND ANALYSIS

Defendants assert that the arbitration clause at issue is enforceable under the Convention and the FAA. Plaintiff responds that the Convention does not apply to domestic insurers, and even if it did, equitable estoppel should not apply in this case. Plaintiff further avers that the insurers waived arbitration by way of the service of suit clauses in the Policy.

The arbitration provision at issue provides in relevant part that:

> All matters in difference between the Insured and the Companies (hereinafter referred to as "the parties") in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be

---

[5] 9 U.S.C. §§ 201–208.

[6] Freudensprung v. Offshore Technical Servs., Inc., 379 F.3d 327, 339 (5th Cir. 2004).

[7] Francisco v. Stolt Achievement MT, 293 F.3d 270, 273 (5th Cir. 2002) (citing *Sedco*, 767 F.2d at 1144–45).

[8] Iberia Credit Bureau, Inc. v. Cingular Wireless, LLC, 379 F.3d 159, 166 (5th Cir. 2004). Thus, the Court must enforce the arbitration clause "unless it finds that the said agreement is null and void, inoperative or incapable of being performed." *Freudensprung*, 379 F.3d at 339 (citing *Sedco*, 767 F.2d at 1146).

> referred to an Arbitration Tribunal in the manner hereinafter set out.
>
> . . .
>
> The seat of the Arbitration shall be New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance.[9]

First, there is a written agreement to arbitrate the dispute contained in the Policy. Second, the provision provides for arbitration in New York, which is within a signatory country.[10] Third, the insurance agreement arises out of a commercial legal relationship—a commercial insurance policy—between Plaintiff and Defendants.[11] The fourth requirement that a party to the agreement is not an American citizen, however, is less clear.

For an agreement to fall under the Convention, at least one party to the arbitration agreement must be a foreign or non-American citizen.[12] Defendants argue that this requirement is met because Certain Underwriters at Lloyd's London ("Lloyd's") is a foreign citizen and a party to the insurance agreement.[13] Defendant HDI Global Specialty SE is also a foreign citizen and party to the insurance agreement.[14] The remaining insurer-defendants are citizens of states within the United States.[15] Plaintiff responds that each individual insurer has a separate contract with the named insured, and therefore, the contract between Plaintiff and the domestic insurers cannot fall under the Convention.

---

[9] Doc. 25-1 at 2–3.

[10] *Freudensprung*, 379 F.3d at 339.

[11] *See Francisco*, 293 F.3d at 273; 9 U.S.C. § 202 (defining a "commercial legal relationship" as "including a transaction, contract, or agreement described in section 2 of [Title 9]," which includes "a contract evidencing a transaction involving commerce"); Harvey v. Certain Underwriters at Lloyd's, London, No. 22-4049, 2023 WL 4485083 (E.D. La. June 6, 2023).

[12] *Sedco*, 767 F.2d at 1145.

[13] Doc. 25-1 at 8.

[14] Doc. 18 at 6.

[15] *Id.*

The Court finds that the contracts between Plaintiff and each insurer are indeed separate agreements. The allocation endorsement to the Policy states that the "contract shall be construed as a separate contract between the Insured and each of the Underwriters."[16] Moreover, other sections of this Court have considered policies nearly identical to this Policy and found that such agreements represent individual contracts between the plaintiff and each respective insurer.[17] Because Defendants Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, Old Republic Union Insurance Company, and GeoVera Specialty Insurance Company are citizens of the United States, this fourth requirement of the Convention is not facially met as to these insurers. Defendants, however, argue that Plaintiff should be equitably estopped from objecting to arbitration against the domestic insurers while participating in parallel arbitration proceedings with the foreign insurers.

The Fifth Circuit has held that "application of equitable estoppel is warranted when [a] signatory to the contract containing an arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the nonsignator[ies] and one or more of the signatories to the contract."[18] "Otherwise the arbitration proceedings between the two

---

[16] Doc. 25-3 at 8.

[17] *See, e.g.*, City of Kenner v. Certain Underwriters at Lloyd's, London, No. 21-2064, 2022 WL 307295 (E.D. La. Feb. 2, 2022) (Barbier, J.); City of Kenner v. Certain Underwriters at Lloyd's London, No. 22-2167, 2022 WL 16961130 (E.D. La. Nov. 16, 2022) (Vance, J.); Acad. of Sacred Heart of New Orleans v. Certain Underwriters at Lloyd's London, 651 F. Supp. 3d 822 (E.D. La. 2023) (Africk, J.).

[18] Grigson v. Creative Artists Agency LLC, 210 F.3d 524, 527 (5th Cir. 2000) (quoting MS Dealer Serv. Corp. v. Franklin, 177 F.3d 942, 947 (11th Cir. 1999)).

signatories would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted."[19]

This Court finds that Plaintiff has alleged "interdependent and concerted" conduct by Defendants in its state court petition.[20] The Court finds the opinion in *Academy of Sacred Heart of New Orleans v. Certain Underwriters at Lloyd's London* instructive on this point:

> Although the insurance policy states that plaintiff[ ] [has] separate contracts with each insurer, there is one insurance policy document that sets forth the terms and conditions of the coverage on the risk. The operative policy language is identical as to all of the insurers, foreign and domestic.[21]

Here too, there is one insurance policy that sets forth the terms and conditions of coverage, and the operative policy language is identical as to each defendant-insurer.[22]

Plaintiff fails to distinguish between the conduct of each defendant in this case. Here, Plaintiff alleges—without differentiation—that Defendants performed inspections of the damages to the insured property and provided one or more loss estimates on the claims.[23] Plaintiff alleges that Defendants' payments "are inadequate to cover the cost of the repairs caused by Hurricane Ida."[24] "Defendants failed to pay the amount due to Plaintiff" for its claim within 30 days after receipt of satisfactory proof of loss.[25] "Defendants have been in possession of sufficient documentation to fully apprise themselves of

---

[19] *Id.*

[20] *See City of Kenner*, 2022 WL 307295, at *3.

[21] *Acad. of Sacred Heart of New Orleans*, 651 F. Supp. 3d at 830 (quoting Port Cargo Servs., LLC v. Certain Underwriters at Lloyd's London, No. 18-6192, 2018 WL 4042874, at *3 (E.D. La. Aug. 24, 2018)).

[22] *See* Doc. 25-3; Doc. 1-2 at 7 ("The Policy is an insurance contract between Plaintiff and Defendants that provides coverage for the losses resulting from Hurricane Ida.").

[23] Doc. 1-2 at 5.

[24] *Id.*

[25] *Id.*

the actual loss and damages to the" insured property.[26] And because of these actions, Plaintiff avers that Defendants breached the insurance contract and their affirmative statutory duties under Louisiana law.[27] Accordingly, this Court finds that Plaintiff failed to differentiate purported wrongful conduct by the Insurers and therefore charges them with conduct that was "interdependent and in concert" in connection with their handling of Plaintiff's insurance claims.[28] Equitable estoppel is therefore warranted in this case, and Plaintiff must arbitrate its claims against Defendant, unless this Court finds Plaintiff's remaining arguments opposing arbitration meritorious.

Plaintiff next argues that the McCarran Ferguson Act ("MFA") reverse-preempts the New York Convention such that Louisiana Revised Statutes § 22:868(A) governs, which Plaintiff argues prohibits the arbitration and choice of law provisions in the Policy. In support of this argument, Plaintiff notes the Fifth Circuit's holding in *Safety National Casualty Corp. v. Certain Underwriters at Lloyd's, London*—wherein the court foreclosed the precise argument raised by Plaintiff—but cites the dissent for "purposes of preserving its arguments for appeal."[29] Indeed, this Court is bound by the Fifth Circuit's holding that the MFA does not apply to insurance contracts subject to the New York Convention.[30] Therefore, Louisiana Revised Statutes § 22:868(A) does not govern. Even if this Court found that § 22:868(A) governed, it does not apply to surplus lines insurers such as Defendants.[31]

---

[26] *Id.*

[27] *Id.* at 6–7.

[28] *See City of Kenner*, 2022 WL 307295, at *3. *See also Acad. of Sacred Heart of New Orleans*, 651 F. Supp. 3d at 830; Holts v. TNT Cable Contractors, Inc., No. 19-13546, 2020 WL 1046337, at *4 (E.D. La. Mar. 4, 2020) (Feldman, J.).

[29] Doc. 28 at 19.

[30] Safety Nat'l Cas. Corp. v. Certain Underwriters at Lloyd's, London, 587 F.3d 714, 718 (5th Cir. 2009).

[31] Carrollton Street Props., LLC v. Indep. Specialty Ins. Co., No. 23-4701, 2024 WL 404955 (E.D. La. Feb. 2, 2024) (Milazzo, J.) (holding that, because an arbitration clause is a type

Plaintiff also asks this Court to exercise its discretion and decline to order arbitration in this case because arbitration in New York would be "unfair to Plaintiff."[32] While "[t]he linchpin for equitable estoppel is equity,"[33] the Court notes that, where a plaintiff alleges interdependent and concerted misconduct by defendants, the Fifth Circuit has opined that "to not apply this intertwined-claims basis to compel arbitration would fly in the face of fairness."[34] Thus, Plaintiff's arguments opposing application of equitable estoppel fail.

Lastly, Plaintiff argues that the Insurers waived arbitration by way of their service of suit clauses in the Policy, wherein "the Insurers agreed that they would submit to a jurisdiction at the request of the insured in the event that the Insurers failed to pay a claim."[35] In *Academy of Sacred Heart of New Orleans v. Certain Underwriters at Lloyd's London*, Judge Lance Africk squarely addressed this issue and held that the service of suit clauses did not change the terms of the Policy or otherwise render the agreement invalid:

> The Fifth Circuit rejected a similar argument in *McDermott International, Inc. v. Lloyds Underwriters of London*. In that case, the court held that a service of suit clause similar to that at issue here "could be interpreted consistent with the arbitration clause to apply to suits concerning enforcement of an arbitration award. Since *McDermott*, courts have consistently held that endorsements and service of suit clauses like those in [the Insured's] policy do not nullify otherwise valid arbitration agreements.[36]

---

of forum or venue selection clause under Louisiana law, Louisiana Revised Statutes § 22:868(A) does not preclude arbitration clauses in insurance contracts with surplus lines insurers); Apex Hospitality Group, LLC v. Indep. Specialty Ins. Co., No. 23-2060, 2024 WL 758392 (E.D. La. Feb. 23, 2024) (Milazzo, J.).

[32] Doc. 28 at 23.

[33] *Grigson*, 210 F.3d at 528.

[34] *Id.*

[35] Doc. 28 at 10.

[36] *Acad. of Sacred Heart of New Orleans*, 651 F. Supp. 3d at 830 (citing McDermott Int'l v. Lloyds Underwriters of London, 944 F.2d 1199 (5th Cir. 1991); Tra-Dor, Inc. v.

This Court finds the foregoing analysis compelling.

Plaintiff, however, argues that *McDermott* is not applicable in this case because (1) the plain language of the service of suit clauses applies directly to the claim asserted by Plaintiff, (2) ignoring the service of suit clauses would render them mere surplusage, which violates the Louisiana legal principle that endorsements override the policy, (3) the endorsement can be read as permitting litigation over failure to pay and requiring arbitration of other claims between the parties, and (4) any ambiguities in the policy should be construed in the insured's favor.[37] However, this Court finds that the service of suit clauses do not render the Policy ambiguous. Rather, the Court "construes the service-of-suit provision[s] as complementing the arbitration clause by providing a judicial forum for compelling or enforcing arbitration."[38] Accordingly, the Court finds that Defendants have not waived their rights to arbitration by including the service of suit provision in an endorsement. Plaintiff must arbitrate its claims against Defendants.

Defendants have asked the Court to dismiss Plaintiff's claims or alternatively to stay this matter pending arbitration. Pursuant to 9 U.S.C. § 3, the Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." Though Defendants seek dismissal of Plaintiff's claims, dismissal is discretionary, not mandatory.[39] Because Defendants fail to explain why

---

Underwriters at Lloyds London, No. 21-02997, 2922 WL 3148980, at *4 (W.D. La. July 25, 2022); Woodward Design + Build, LLC v. Certain Underwriters at Lloyd's London. No. 19 14017, 2020 WL 5793715, at *3 (E.D. La. Sept. 29, 2020); Sw. LTC-Mgmt. Servs. LLC v. Lexington Ins. Co., No. 18-491, 2019 WL 1715832, at *5 (E.D. Tex. Mar. 29, 2019)).

[37] Doc. 28 at 14–15.

[38] *Acad. of Sacred Heart of New Orleans*, 651 F. Supp. 3d at 828 (quoting *Sw. LTC-Mgmt. Servs.*, 2019 WL 1715832, at *6).

[39] Fedmet Corp. v. M/V BUYALYK, 194 F.3d 674, 676 (5th Cir. 1999) (citing Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992) ("We have previously held that district courts have discretion to dismiss cases in favor of arbitration under 9 U.S.C. § 3.").

dismissal, rather than a stay, is warranted, this matter must be stayed pending resolution of the arbitration proceedings.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion is **GRANTED**. The parties are compelled to arbitrate this dispute in compliance with the terms of the Policy. This matter is **STAYED** and **ADMINISTRATIVELY CLOSED** pending arbitration.

New Orleans, Louisiana this 1st day of April, 2024.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**